UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEONARD CARTER,<br><br>           Plaintiff,<br>   v.<br><br>UNIVERSITY OF WASHINGTON<br>SCHOOL OF DENTISTRY, et al.,<br><br>           Defendants. | CASE NO. C21-0401JLR<br><br>ORDER DISMISSING<br>COMPLAINT WITH LEAVE TO<br>AMEND |

## I.   INTRODUCTION

Before the court are (1) *pro se* Plaintiff Leonard Carter's complaint against the University of Washington School of Dentistry (the "School of Dentistry"), Brett Meier, and Danielle Plousard (collectively, "Defendants") (Compl. (Dkt. # 5)); and (2) Magistrate Judge Brian A. Tsuchida's order granting Mr. Carter *in forma pauperis* ("IFP") status and recommending that the court review this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 4)).  Under 28 U.S.C. § 1915(e), courts have authority

ORDER - 1

to review IFP complaints and must dismiss them if, "at any time," a complaint is determined to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). As discussed below, Mr. Carter's complaint falls within the category of pleadings that fail to state a claim. Accordingly, the court DISMISSES Mr. Carter's complaint with leave to amend.

## II.   BACKGROUND

Mr. Carter brings this lawsuit against the School of Dentistry, its patient relations director Mr. Meier, and dentistry student Ms. Plousard. (Compl. at 2.) He alleges that Defendants denied him dental services on the basis of his race. (*Id.*)

On March 3, 2017, Mr. Carter visited Ms. Plousard's office to have a cavity fixed. (*Id.* at 7.) While he sat in her dental chair, Mr. Carter spoke with her briefly about extraterrestrial life. (*Id.*) Ms. Plousard fixed his cavity, and he left her office. (*Id.*) On November 30, 2017, Mr. Meier informed Mr. Carter that Ms. Plousard and other members of dental staff "did not like the way [Mr. Carter] looked, and felt fear of [him]." (*Id.* at 6-7.) As a result, Mr. Carter asserts, the School of Dentistry refused to provide him dental implants he needed to repair teeth he had broken in a car accident in 1996. (*Id.* at 6, 8.) He alleges that Mr. Meier's and Ms. Plousard's conduct was in violation of (1) RCW 9.91.010, which provides that any person who denies another the "full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement" on the basis of race "shall be guilty of a misdemeanor"; and (2) RCW 49.60.030, which provides a right of

action to any person who has been subject to discrimination in public accommodations on the basis of race. (*Id.* at 7.) He asks the court to order the School of Dentistry to "pay for both [his] mental and emotional distress brought on by this racist and discriminating act [in] the amount of five million dollars." (*Id.* at 8.)

### III.   ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Because Mr. Carter is a *pro se* plaintiff, the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). But even liberally construed, Mr. Carter's complaint fails to plausibly establish the Defendants' liability or raise his "right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

As a threshold matter, Mr. Carter's complaint does not establish that this court has subject matter jurisdiction. Mr. Carter's complaint alleges only state-law claims. (*See* Compl. at 7.) Thus, Mr. Carter does not allege a basis for this court's federal question jurisdiction over this case. *See* 28 U.S.C. § 1331 (giving federal courts jurisdiction over cases "arising under" federal law). And because Mr. Carter and all defendants are citizens of Washington, this court does not have diversity jurisdiction over this case. (*See*

Compl. at 1-2); *see* 28 U.S.C. § 1332 (giving federal courts jurisdiction over civil cases where the amount in controversy is greater than $75,000 and where the dispute is between citizens of different states). As a result, the court must dismiss this case for lack of subject matter jurisdiction.

Even if the court were to liberally construe Mr. Carter's complaint as asserting a federal claim for discrimination in public accommodations under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a—which would support federal question jurisdiction over this case—Mr. Carter's complaint does not plausibly establish Defendants' liability. First, the enforcement provision of Title II contains a notice requirement, which prohibits a plaintiff from bringing a civil action "before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority," if such state has a law "prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice." 42 U.S.C. § 2000a-3(c). Washington has a law prohibiting discrimination based on race in places of public accommodation, and the Washington Human Rights Commission ("HRC") has authority to grant relief from such discrimination. *See* RCW 49.60.030(1)(b); RCW 49.60.120(4); RCW 49.60.215(1); RCW 49.60.230. Because there is a state law prohibiting racial discrimination in places of public accommodation and an agency authorized to grant relief for such conduct, a plaintiff bringing a civil action for a Title II claim of racial discrimination in Washington must first file written notice with the HRC at least thirty days before bringing any action in federal court. *See Ramirez v. Hart*, No. C13-5873RJB, 2014 WL 2170376, at *6

(W.D. Wash. May 23, 2014).  Here, Mr. Carter has not pleaded that he filed written notice with the HRC at least thirty days before filing suit.  (*See* Compl.)  As a result, his claim is barred by 42 U.S.C. § 2000a-3(c).

Second, damages are not available for violations of Title II.  *See Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002) (citing *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968)).  Rather, the sole private remedy is an injunction under 42 U.S.C. § 2000a-3.  *See id.*  Thus, because Mr. Carter seeks only damages as a remedy for Defendants' alleged discrimination, he cannot recover the relief he seeks under Title II.  (*See* Compl. at 8.)

Finally, Mr. Carter's claims are barred by the statute of limitations for a Title II claim.  Because Title II does not specify a time limit for bringing an action, courts look to the state statute of limitations for personal injury actions.  *See* 42 U.S.C. § 2000a-3; *see also Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018) (noting that because 42 U.S.C. § 1983 does not specify a statute of limitations, courts borrow the statute of limitations for state-law personal injury claims).  Washington's statute of limitations for personal injury claims is three years.  *See* RCW 4.16.080(1).  Here, the actions that form the basis of Mr. Carter's claims date from March and November 2017—more than three years before the March 24, 2021 filing date of his complaint.  (*See* Compl. at 1, 3.)  As a result, Mr. Carter's Title II claims based on Defendants' 2017 conduct are barred by the statute of limitations.

For these reasons, the court concludes that Mr. Carter's complaint fails to state a claim against Defendants and dismisses the complaint pursuant to 28 U.S.C.

1 § 1915(e)(2)(B).  When a court dismisses a *pro se* plaintiff's complaint, however, the

2 court must give the plaintiff leave to amend unless it is absolutely clear that amendment

3 could not cure the defects.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

4 Therefore, the court grants Mr. Carter fourteen (14) days to file an amended complaint

5 that properly addresses the pleading deficiencies identified in this order.  If Mr. Carter

6 fails to timely comply with this order or fails to file an amended complaint that corrects

7 the identified deficiencies, the court will dismiss his complaint without leave to amend.

### III.   CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Carter's complaint (Dkt. # 5) for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), with leave to amend within fourteen (14) days of the filing of this order.

Dated this 26th day of March, 2021.

JAMES L. ROBART
United States District Judge