1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

LEONARD CARTER,

11

Plaintiff,

v.

12

UNIVERSITY OF WASHINGTON
SCHOOL OF DENTISTRY, et al.,

13
14

Defendants.

CASE NO. C21-0401JLR

ORDER DISMISSING
COMPLAINT AND DENYING
MOTION TO APPOINT
COUNSEL

15
16

## I.    INTRODUCTION

17

Before the court is *pro se* Plaintiff Leonard Carter's amended complaint against

18

the University of Washington School of Dentistry (the "School of Dentistry"), Brett

19

Meier, and Danielle Plousard (collectively, "Defendants") (Am. Compl. (Dkt. # 9)) and

20

motion to appoint counsel (Mot. (Dkt. # 6)).  Mr. Carter is proceeding *in forma pauperis*

21

in this action.  (*See* IFP Order (Dkt. # 4).)  Under 28 U.S.C. § 1915(e), courts have

22

authority to review complaints filed by plaintiffs who are proceeding *in forma pauperis*

1   and must dismiss them if, "at any time," a complaint is determined to be frivolous,

2   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

3   from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  As discussed

4   below, Mr. Carter's amended complaint falls within the category of pleadings that fail to

5   state a claim.  Accordingly, the court DISMISSES Mr. Carter's amended complaint with

6   prejudice and DENIES Mr. Carter's motion to appoint counsel as moot.

7                                    **II.    BACKGROUND**

8          The court set forth the background of Mr. Carter's complaint in its March 26, 2021

9   order dismissing Mr. Carter's complaint with leave to amend under 28 U.S.C.

10  § 1915(e)(2).  (3/26/21 Order (Dkt. # 7).)  On April 9, 2021, Mr. Carter filed an amended

11  complaint pursuant to the court's order.  (*See* Am. Compl.)  As he did in his initial

12  complaint, Mr. Carter alleges that the School of Dentistry, its patient relations director

13  Mr. Meier, and dentistry student Ms. Plousard denied him dental services on the basis of

14  his race.  (*See generally id.*)

15                                   **III.    ANALYSIS**

16         Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed

17  IFP "at any time" if it determines:  (1) the action is frivolous or malicious; (2) the action

18  fails to state a claim; or (3) the action seeks relief from a defendant who is immune from

19  such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Section 1915(e)(2) parallels the language of

20  Federal Rules of Civil Procedure 12(b)(6).  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th

21  Cir. 2000).  The complaint therefore must allege facts that plausibly establish the

22  defendant's liability.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).

1   Because Mr. Carter is a *pro se* plaintiff, the court must construe his pleadings liberally.

2   *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  But even liberally

3   construed, Mr. Carter's amended complaint has not remedied the deficiencies identified

4   in the court's March 26, 2021 order and thus still fails to plausibly establish the

5   Defendants' liability or raise his "right to relief above the speculative level."  *See*

6   *Twombly*, 550 U.S. at 555.

7        As a threshold matter, Mr. Carter's amended complaint does not establish that this

8   court has subject matter jurisdiction.  Mr. Carter's complaint again alleges only state-law

9   claims.  (*See* Am. Compl. at 7 (citing three Washington statutes).)  Thus, Mr. Carter does

10  not allege a basis for this court's federal question jurisdiction over this case.  *See* 28

11  U.S.C. § 1331 (giving federal courts jurisdiction over cases "arising under" federal law).

12  And, again, because Mr. Carter and all Defendants are citizens of Washington, this court

13  does not have diversity jurisdiction over this case.  (*See* Am. Compl. at 1-2); *see* 28

14  U.S.C. § 1332 (giving federal courts jurisdiction over civil cases where the amount in

15  controversy is greater than $75,000 and where the dispute is between citizens of different

16  states).  As a result, the court must dismiss this case for lack of subject matter

17  jurisdiction.

18       Further, even if the court were to liberally construe Mr. Carter's amended

19  complaint as asserting a federal claim for discrimination in public accommodations under

20  Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a—which would support federal

21  question jurisdiction over this case—Mr. Carter's amended complaint does not plausibly

22  establish Defendants' liability.  First, the enforcement provision of Title II contains a

1    notice requirement, which prohibits a plaintiff from bringing a civil action "before the

2    expiration of thirty days after written notice of such alleged act or practice has been given

3    to the appropriate State or local authority," if such state has a law "prohibiting such act or

4    practice and establishing or authorizing a State or local authority to grant or seek relief

5    from such practice." 42 U.S.C. § 2000a-3(c). Washington has a law prohibiting

6    discrimination based on race in places of public accommodation, and the Washington

7    Human Rights Commission ("HRC") has authority to grant relief from such

8    discrimination. *See* RCW 49.60.030(1)(b); RCW 49.60.120(4); RCW 49.60.215(1);

9    RCW 49.60.230. Because there is a state law prohibiting racial discrimination in places

10   of public accommodation and an agency authorized to grant relief for such conduct, a

11   plaintiff bringing a civil action for a Title II claim of racial discrimination in Washington

12   must first file written notice with the HRC at least thirty days before bringing any action

13   in federal court. *See Ramirez v. Hart*, No. C13-5873RJB, 2014 WL 2170376, at *6

14   (W.D. Wash. May 23, 2014). As was the case in his original complaint, Mr. Carter has

15   not pleaded in his amended complaint that he filed written notice with the HRC at least

16   thirty days before filing suit. (*See generally* Am. Compl.) As a result, his claim is barred

17   by 42 U.S.C. § 2000a-3(c).

18         In addition, damages are not available for violations of Title II. *See Pickern v.*

19   *Holiday Quality Foods, Inc*., 293 F.3d 1133, 1136 (9th Cir. 2002) (citing *Newman v.*

20   *Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968)). Rather, the sole private remedy is

21   an injunction under 42 U.S.C. § 2000a-3. *See id.* Thus, because Mr. Carter again seeks

22   only damages as a remedy for Defendants' alleged discrimination, he cannot recover the

1   relief he seeks under Title II.  (*See* Am. Compl. at 8 (seeking damages of five million

2   dollars).)

3          Finally, as with his initial complaint, Mr. Carter's claims are barred by the statute

4   of limitations for a Title II claim.  Because Title II does not specify a time limit for

5   bringing an action, courts look to the state statute of limitations for personal injury

6   actions.  *See* 42 U.S.C. § 2000a-3; *see also Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir.

7   2018) (noting that because 42 U.S.C. § 1983 does not specify a statute of limitations,

8   courts borrow the statute of limitations for state-law personal injury claims).

9   Washington's statute of limitations for personal injury claims is three years.  *See* RCW

10  4.16.080(1).  Here, the actions that form the basis of Mr. Carter's claims date from March

11  and November 2017—more than three years before the March 24, 2021 filing date of his

12  complaint.  (*See* Compl. (Dkt. # 5); *see also* Am. Compl. at 6 (stating that the allegedly

13  discriminatory actions took place on March 3, 2017, and November 30, 2017).)  Mr.

14  Carter again does not allege any discriminatory actions that occurred within three years

15  of the filing of this action.  (*See generally* Am. Compl.)  As a result, Mr. Carter's Title II

16  claims based on Defendants' 2017 conduct are barred by the statute of limitations.

17         The court informed Mr. Carter in its March 26, 2021 order that if his amended

18  complaint did not correct the identified deficiencies, the court would dismiss the

19  amended complaint with prejudice and without leave to amend.  (*See* 3/26/21 Order at 6.)

20  Because Mr. Carter has not addressed those deficiencies, the court concludes that Mr.

21  Carter's amended complaint fails to state a claim against Defendants; dismisses the

22

1    amended complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B); and denies Mr.

2    Carter's motion to appoint counsel as moot.

3                              **III.    CONCLUSION**

4           For the foregoing reasons, the court DISMISSES Mr. Carter's amended complaint

5    (Dkt. # 9) for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and DENIES

6    Mr. Carter's motion to appoint counsel (Dkt. # 6) as moot.

7           Dated this 9th day of April, 2021.

8

9

10                                  JAMES L. ROBART
                                    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 6